**ALBANY INSURANCE COMPANY,**
a corporation, Plaintiff,

v.

**CENTRAL MUTUAL INSURANCE COM-PANY, a corporation, and Preston Tuten, Defendants.**

**Civ. A. No. 6631.**

United States District Court
E. D. South Carolina,
Charleston Division.

Dec. 16, 1960.

Augustine T. Smythe, Charleston, S. C., Joseph L. Nettles, Columbia, S. C., for plaintiff.

E. Ellison Walker, McKay, McKay, Black & Walker, Columbia, S. C., for defendant Central Mut. Ins. Co.

Clyde A. Eltzroth, Hampton, S. C., for defendant Preston Tuten.

WYCHE, District Judge.

On January 17, 1958, certain real property owned by the defendant Preston Tuten sustained loss and damage by fire, the amount of the loss being agreed upon between the parties as $11,830. For several years Tuten had insured the property through E. P. Ellis, a local agent at Hampton, South Carolina. Ellis was authorized to issue policies in both the defendant Central Mutual Insurance Company and the plaintiff Albany Insurance Company, though he had never before issued any policies on behalf of Albany Insurance Company.

It was at first assumed that at the time of the loss Tuten had coverage upon the property under Albany policy No. NY-30802, which purported to have been issued on January 9, 1958.

The Albany Insurance Company contends that its policy was not issued until after the fire and that at the time of the loss the defendant Tuten had fire coverage on the property with the defendant Central Mutual Insurance Company under its policy No. 558336, and, therefore, seeks in this action to have plaintiff's policy declared null and void.

The defendant Central Mutual Insurance Company admits that it issued its policy No. 558336 covering the property for the period November 24, 1956, to November 24, 1957, and that the policy was renewed for the period November 24, 1957, to November 24, 1958. However, it contends that its policy was cancelled by mutual consent on or about December 9, 1957, and was not in effect at the time of the fire.

The defendant Tuten claims against both companies, seeking to have one or the other declared indebted to him for his loss.

The "Daily Reports" (or carbon copies of the typewritten portions of the original policy) were not forwarded to the South Carolina Inspection and Rating Bureau or to the General Agents of the Albany Insurance Company until several days after the fire. It is customary in the insurance business for the "Daily Reports" to be forwarded to the South Carolina Inspection and Rating Bureau coincident with the delivery of the policy to the assured.

In February 4, 1958, when the assured was interviewed by an adjuster in an attempt to verify the coverage, Tuten held the original Central Mutual Insurance Company policy and the original Renewal Certificate therefor, and he did not have an Albany Insurance Company policy in his possession.

To show cancellation of its policy Central Mutual relies upon a document purporting to be the original Renewal Certificate issued to Tuten. If this were the original Renewal Certificate, it would be evidence that Tuten had in December agreed to cancellation of his coverage with Central Mutual, but a comparison of the document purporting to be the original Renewal Certificate with a carbon copy of the true original discloses that the former is not the original. Tuten testified that, although he does not recall clearly the date of the transaction, the surrender of the Central Mutual Renewal Certificate and the substitution of the Albany policy were simultaneous.

■ There may be cancellation of an insurance policy by mutual consent, apart from the cancellation with notice, provided for in the policy, but there is nothing in the record to indicate that this took place in the present case. Dill et al. v. Lumbermen's Mut. Ins. Co., 213 S.C. 593, 50 S.E.2d 923.

■ The cancellation of the Central Mutual coverage not having been effective, despite the belief of Central Mutual to the contrary, its coverage remained in effect unless and until it was knowingly relinquished by Tuten. Any change in the coverage could not be effected by the unilateral act of the agent alone. Equity Mut. Ins. Co. v. General Casualty Co. of America, 10 Cir., 1943, 139 F.2d 723; Appleman, Insurance Law and Practice, Section 7130; Waterloo Lumber Co. v. Des Moines Insurance Co., 158 Iowa 563, 138 N.W. 504, 51 L.R.A.,N.S., 539, 83

A.L.R. 298. In no event would any attempted substitution be valid where made after the loss had occurred. Appleman, Section 7131; and see Annotations supra. Tuten at the time of the fire held the Central Mutual Renewal Certificate and had coverage of the property thereunder. Regardless of when the Albany policy may have been written, it could only have been delivered to Tuten in the stead of the Central Mutual Renewal Certificate after the loss. The delivery was therefore ineffective to constitute a valid contract.

### Findings of Fact

1. Defendant Central Mutual Insurance Company issued to defendant Preston S. Tuten its policy of insurance No. 558336, insuring the buildings therein described against loss and damage by fire for the period November 24, 1956, to November 24, 1957. This policy was renewed during the early part of November, 1957, for an additional term from November 24, 1957, to November 24, 1958. The Renewal Certificate was not cancelled by mutual consent prior to the loss.

2. On January 17, 1958, the insured property sustained loss and damage by fire in the amount of $11,830.

3. Sometime subsequent to the loss, Albany Insurance Company policy No. NY–30802 was delivered to Preston Tuten in exchange for the Renewal Certificate of Central Mutual Insurance Company.

### Conclusions of Law

1. There was no valid cancellation of the Central Mutual Insurance Company coverage prior to the loss. The defendant Central Mutual Insurance Company is liable to the defendant Preston S. Tuten on account of said loss.

2. Albany Insurance Company policy No. NY–30802 was not delivered to the defendant Preston S. Tuten until after the loss of January 17, 1958, and such delivery was, therefore, ineffective and the policy never became of force.

### Order

It is therefore ordered,

That the defendant Preston S. Tuten have judgment against the defendant Central Mutual Insurance Company in the sum of $11,830.

It is further ordered,

That policy No. NY–30802 of the plaintiff Albany Insurance Company is null, void and of no effect, and that the defendant Preston S. Tuten shall deliver the same to the plaintiff for cancellation.